UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAY EMMONS,<br><br>    Plaintiff,<br><br>    v.<br><br>FIRST STUDENT, INC.,<br><br>    Defendant. | Case No. 19-cv-02964-SI<br><br>**ORDER RE MOTION TO DISMISS**<br>Re: Dkt. Nos. 24, 25 |

Before the Court is defendant's motion to dismiss the first, second, third, and eleventh[1] causes of action of plaintiff's amended complaint for Title VII sex and gender discrimination, retaliation, violations of the Americans with Disabilities Act ("ADA"), and violations of California Labor Code §§ 1050, 1052, and 1054, respectively. Having reviewed the parties' submissions and heard oral argument, the motion is GRANTED with leave to amend.

The Amended Complaint alleges as follows: Plaintiff was employed by defendant for approximately 5 months, from approximately January 2016 – May 31, 2016, as a bus driver for high school children. Dkt. No. 23 ¶ 9 (Amended Complaint). For a portion of this time plaintiff was on modified work duty. *Id*. ¶ 18-19. Ms. Emmons was terminated on or about May 31, 2016. *Id*. at 9.

---

[1] Plaintiff concedes the eleventh cause of action for violations of California Labor Code §§ 1050, 1052, and 1054 should be dismissed and therefore the Court need not discuss it further.

The events that follow May 2016, as alleged in the complaint, are unclear at best. The amended complaint does not provide much detail regarding the exhaustion of administrative remedies. The six paragraphs dedicated to exhaustion of administrative remedies state, in total:

> On **September 17, 2018**, Plaintiff filed a retaliation and discrimination complaint under the California Fair Employment and Housing Act against First Student with the Department of Fair Employment and Housing ("DFEH"). The DFEH referred the case for investigation to the Equal Employment Opportunity Commission ("EEOC"). On September 17, 2018, Plaintiff received a Right-to-Sue Notice from the DFEH. On **January 30, 2019**, the EEOC issued Plaintiff a Right to Sue Letter and Notice of Case Closure. On **March 27, 2019**, Plaintiff filed an amended retaliation and discrimination complaint with EEOC for the failure to rehire. On or about **March 28, 2019**, the EEOC issued a right to sue letter with respect to the amended complaint. Plaintiff has timely filed this action and have complied with all administrative prerequisites to bring this lawsuit.

*Id.* ¶¶ 31-36 (emphasis added).

Neither the amended complaint nor the parties' submissions establish a definitive timeline of events chronicling plaintiff's charges or the subject matter thereof. In fact, plaintiff's discussion of exhaustion of administrative remedies in the amended complaint is inconsistent with the documents submitted with defendant's Request for Judicial Notice. See Dkt. No. 25.[2] For starters, the amended complaint only discusses *one* charge brought by plaintiff, allegedly initiated on September 17, *2018*. Dkt. No. 23 ¶ 31. But this makes no sense – especially since plaintiff's termination took place in May *2016*. Further, based on the documents judicially noticed, the amended complaint conflates *two* charges filed with administrative agencies: the first filed on or about August 24, 2016[3] ("Charge 1") regarding plaintiff's **termination** and the second filed almost

---

[2] For ease of reference all citations to page numbers refer to the ECF branded number on the top right corner of the page.

[3] Plaintiff's complaint, and indeed her opposition, does not even establish the date plaintiff filed Charge 1, regarding her termination, with an administrative agency. During the January 24, 2020 oral argument on the instant motion, defendant's counsel challenged, for the first time, the date plaintiff filed Charge 1. Dkt. No. 37 at 22:24-23:15 ("[Charge 1] was filed on December 13, 2016. Plaintiff alleges that there was an August 2016 filing, but that is not attached to any document that I have seen. Plaintiff could have taken judicial notice of records filed with administrative agencies. There's no evidence to support that [plaintiff filed Charge 1 in August 2016] in this case. In fact, there's evidence to the contrary, that this was filed in December and it's untimely."); see also Dkt. No. 25 at 32. Indeed, the amended complaint does not allege plaintiff filed anything in August 2016; rather, the first date cited in the amended complaint regarding exhaustion of administrative remedies is September 17, 2018. Dkt. No. 23 ¶ 31. The only document before the Court that states Charge 1 was filed in August 2016, is plaintiff's March 27, 2018 amendment to Charge 2. See Dkt. No. 25 at 23. If defendant is correct, and Charge 1 was not filed until December 2016, Charge 1

two years later on or about August 27, 2018 ("Charge 2") regarding **defendant's failure to re-hire** plaintiff.

Plaintiff has failed to adequately allege she exhausted her administrative remedies for her Title VII claims for sex and gender discrimination and retaliation. Many arguments, or indeed, basic dates and facts, in plaintiff's opposition are nowhere to be found in the amended complaint – for example, the date plaintiff initiated Charge 1 with an agency is unclear based on both the amended complaint and plaintiff's opposition. Further, the amended complaint fails to differentiate between Charge 1 and Charge 2 and does not provide a basic chronology of events for purposes of establishing exhaustion of administrative remedies. The arguments made in plaintiff's opposition are often made without citation to any evidence.[4] Finally, points raised by plaintiff's counsel during oral argument, including that the agency's investigation into Charge 1 grew to include an investigation of sex/gender discrimination and related retaliation, are not alleged in the amended complaint. The Court therefore GRANTS the motion to dismiss for failure to exhaust with leave to amend.

Defendant also moves to dismiss the amended complaint arguing plaintiff's Title VII sex/gender discrimination claims, retaliation claim, and ADA claim are untimely. Dkt. No. 24 at 21 (Motion to Dismiss). The Court is particularly concerned about the timeliness of plaintiff's claims stemming from Charge 1. The right to sue letter regarding Charge 1 was issued on January 30, 2019 and gave plaintiff until April 30, 2019 (90 days) to file federal claims. Dkt. No. 25 at 20 (RJN – 1/30/19 Right to Sue Letter). But federal claims regarding Charge 1 were not filed until June 26, 2019. Dkt. No. 25 at 35 (RJN – Second State Court Complaint). While defendant very well may have valid arguments regarding timeliness, the Court finds it prudent to defer ruling on

---

would be untimely because it was not filed within 180 days of Ms. Emmons' termination. See 42 U.S.C. § 2000e-5(e)(1) (requiring movants to file a Charge of Discrimination with the EEOC no more than 180 days after the alleged violation).

[4] Critical statements like "…Emmons made the EEOC fully aware that the discriminatory and retaliatory course of conduct she suffered occurred in part because Emmons is transgender" or "Emmons (sic) first charge was made right after her termination" have no citation. See Dkt. No. 28 at 5 and 8 (Opposition). For another very important paragraph on page 5 of her Opposition, plaintiff cites to the entirety of defendant's 80 page Request for Judicial Notice without specific page references. See Dkt. No 28 at 7 notes 3 and 4 (Opposition).

3

these issues until a more accurate and robust timeline is presented in a second amended complaint.

## CONCLUSION[5]

Defendant's motion to dismiss is GRANTED with leave to amend. Any amended complaint must be filed **on or before March 20, 2020**, and must lay out with specific dates, the procedural history establishing exhaustion of administrative remedies.

**IT IS SO ORDERED**.

Dated: February 24, 2020

SUSAN ILLSTON
United States District Judge

---

[5] The Court also GRANTS defendant's Request for Judicial Notice filed in conjunction with the Motion to Dismiss. Dkt. No. 25.