Laura E. Seidl (State Bar No. 269891)
Nicomedes Sy Herrera (State Bar No. 275332)
**HERRERA PURDY LLP**
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 422-4700
Facsimile:  (855) 969-2050
Email:  LSeidl@HerrerPurdy.com
         NHerrera@HerreraPurdy.com

*Attorneys for Plaintiff Janay Emmons*

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| JANAY EMMONS,<br><br>Plaintiff,<br><br>v.<br><br>FIRST STUDENT, INC.<br><br>Defendant. | Case No.: 3:19-cv-02964-SI<br><br>**SECOND AMENDED COMPLAINT FOR VIOLATIONS OF:**<br><br>**Title VII of the Civil Rights Act of 1964**<br><br>**Title 1 of the American With Disabilities Act of 1990**<br><br>**State Anti-Discrimination Laws**<br><br>**State Whistleblower Protection Laws**<br><br>**Wrongful Termination**<br><br>**Breach of Implied Covenant of Good Faith and Fair Dealing**<br><br>Hon. Susan Illston<br>Courtroom 1, 17th Floor<br><br>Original Complaint filed:  April 25, 2019<br>(Superior Court, Alameda County)<br><br>Removed: May 29, 2019 |

Plaintiff Janay M. Emmons ("Plaintiff"), through her attorneys Herrera Purdy LLP, for her

complaint against defendant First Student, Inc. ("Defendant" or "First Student"), alleges:

- 1 -
SECOND AMENDED COMPLAINT

## I.       INTRODUCTION

1.       Plaintiff is a school bus driver who warned Defendant of the dangerous conditions of the buses her supervisor ordered her to drive. Defendant pressured Plaintiff to continue driving the dangerously defective buses, but she objected. Thereafter, Defendant refused to schedule Plaintiff for additional shifts or make reasonable accommodations for her disability. When Plaintiff supervisors discovered that she is transgender, Defendant unlawfully terminated her employment under the pretext she had abandoned her position. Plaintiff later sought to be re-hired but was denied reinstatement. She brings this suit to recover compensatory and punitive damages under Title VII of the Civil Rights Act of 1964, Title I of the Americans with Disabilities Act, various state anti-discrimination and labor laws, and her contract with Defendant for their pattern of discrimination and retaliation.

## II.      PARTIES

2.       Plaintiff is citizen of California who at all relevant times resided in the County of Alameda.

3.       Defendant is a national provider of school bus transportation. Upon information and belief, Defendant is a citizen of Delaware and Ohio. In particular, Defendant is a Delaware corporation with its principal place of business in Cincinnati, Ohio. Defendant also maintains an office and operating facilities in Concord, California, and conducts substantial business in this District.

4.       Defendant regularly employs more than 15 persons and is an "employer" as defined in the California Fair Employment and Housing Act (FEHA) and Title VII of the Civil Rights Act of 1964, Pub. L. 88-352, *codified* 42 U.S.C. § 2000e, *et seq*. ("Title VII"). Defendant is also subject to the Americans with Disabilities Act,

## III.     JURISDICTION AND VENUE

5.       This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331 and 1332. In addition, 31 U.S.C. § 1367 confers jurisdiction on this Court over the supplemental state law claims.

6.    This Court has personal jurisdiction over Defendant because Defendant conducts substantial business in this District.

7.    Diversity jurisdiction exists because the parties are citizens of different states, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

8.    Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b)(1) and (2) because Defendant resides in this District, and a substantial part of the events giving rise to the claims alleged herein occurred here.

## IV.   FACTUAL ALLEGATIONS RELATING TO ALL CLAIMS

9.    Plaintiff was employed as a bus driver for high school students by defendant First Student from approximately January 2016 until May 31, 2016. Plaintiff worked at First Student's facilities located in Concord, California.

10.    Plaintiff satisfactorily performed all of the promises, conditions and obligations required of her under her employment contract with First Student.

11.    First Student assigned and directed Plaintiff to drive defective school buses. On one occasion, Defendant assigned Plaintiff a bus that was flashing a low-pressure warning for the brakes. Defendant thereafter directed Plaintiff to drive another defective bus with an entry door that failed to close properly, leaving a dangerous gap through which a student could fall through while the bus was in motion. The windshield of the bus was also cracked.

12.    The dangerous conditions of the buses alarmed Plaintiff. She grew concerned for the safety of the high school students she was transporting.

13.    Plaintiff bore a responsibility to refrain from driving a bus that was posing a safety risk. If Plaintiff were pulled over driving a bus in a dangerous condition, her commercial driver's license and driving record could have been jeopardized.

14.    Plaintiff complained to First Student about the dangerous conditions of the buses the company assigned her. For example, Plaintiff told her supervisor, Henry Cooper, about the defective conditions and requested to be assigned a bus that was safe to drive. Mr. Cooper replied, "are you threatening me?"—implying he was afraid Plaintiff would report the safety violations to

the appropriate government agencies. Plaintiff stated that she was not threatening him, but that she wanted to drive safe buses.

15.    Mr. Cooper told Plaintiff she would not get in trouble for driving the defective buses and directed her to drive them. Plaintiff replied that her duties and obligations under her specialized license prohibited her from doing so.

16.    First Student thereafter barred Plaintiff from continuing her employment and refused to assign her any additional shifts.

17.    Plaintiff is disabled. She suffers a genetic heart condition known as tachycardia. She also has deformities in her legs that impair her ability to walk.

18.    Plaintiff demonstrated the physical ability to drive a school bus by passing the agility test administered by Defendant. Plaintiff's manger, Henry Cooper, encouraged the employee administering the test to record Plaintiff as having failed, even though Plaintiff had passed. The employee truthfully recorded Plaintiff's pass result. On information and belief, Mr. Cooper suggested that Plaintiff should be recorded as having failed because of the visible deformities in her legs.

19.    Plaintiff was fully medically cleared to drive a school bus, despite her disabilities. Her heart condition does not interfere with her ability to drive a school bus. Plaintiff's personal physician and state medical examiners have confirmed this by clearing her to drive.

20.    Plaintiff's physician prescribed new medications immediately after Plaintiff met with Mr. Cooper (during which she complained about the bus with the door that remained open). As a precaution, the physician advised Plaintiff temporarily to refrain from driving a bus after starting the new medications so that her body's reaction to the new drugs could be monitored. Plaintiff's treating physician indicated Plaintiff should be assigned to modified duty during the medication test period.

21.    Plaintiff presented Mr. Cooper with the requisite paperwork to initiate modified duty, including documentation with the specific date she would be permitted to return to regular duty. The medical documentation contained a description of Plaintiff as a "transgender female." Prior to

SECOND AMENDED COMPLAINT

the submission of these medical documents, Plaintiff's supervisors at First Student did not know Plaintiff is transgendered.

22.    The total period of modified duty ordered by Plaintiff's treating physician was approximately 6 weeks (with a return to regular duty date of June 13, 2016). After Mr. Cooper was presented with all required documentation, he refused to authorize modified duty for Plaintiff. He stated in writing that Plaintiff did not qualify for modified duty work because she was not injured on the job.

23.    Defendant refused to reasonably accommodate Plaintiff's disabilities or medical conditions. Defendant refused to allow Plaintiff to work at all.

24.    Defendant also refused to engage in good faith discussions with Plaintiff to determine a reasonable accommodation.

25.    On May 11, 2016—approximately five days after refusing to place Plaintiffs on modified work duty—Defendant mailed, to an incorrect address, a letter to Plaintiff. Defendant was fully aware of Plaintiff's correct address because the company regularly mailed documents to her at her correct address. Upon information and belief, Defendant intentionally failed to include Plaintiff's apartment number on the mailing envelope so that Plaintiff would not timely receive the letter.

26.    The May 11 letter stated that if Plaintiff did not respond May 20, 2019, Defendant would consider her lack of response as job abandonment. As Defendants intended, Plaintiff did not receive the May 11 letter until after the arbitrary May 20 deadline had passed.

27.    Upon receiving the May 11 letter, Plaintiff immediately contacted Mr. Cooper and stated she wanted to keep her job. Mr. Cooper responded that Plaintiff could not have her job back—and that if she had a problem with his decision, she could talk to the legal department, because he no longer wished to speak with her at all.

28.    Even before receiving the May 11 letter, Plaintiff had made numerous efforts to be placed on a work schedule, but Defendant ignored all her requests and failed to mention anything about the May 11 letter. Plaintiff physically came into the Defendant's office on three separate

occasions, and she called multiple times, always stating that she wanted to return to work. Plaintiff never indicated any sort of job abandonment, or anything close. Rather, she repeatedly demonstrated her desire to work.

29.     Plaintiff later applied for the position from which she was unlawfully terminated. Plaintiff came to Defendant's office to fill out a new paper application.

30.     Defendant informed Plaintiff she could not have a paper application, and that she would have to apply online. This was disparate treatment, because Defendant routinely permitted other applicants to complete paper applications in the office.

31.     After she was refused a paper application, Plaintiff submitted an online application. Defendant, however, immediately rejected her online application without an interview.

32.     Defendant's discriminatory and retaliatory course of conduct against Plaintiff occurred: (1) because she is transgendered; (2) because she is disabled; (3) in retaliation for her objecting to the dangerous conditions of the school buses; and (4) as a result of false statements concerning the reasons for Plaintiff's termination from employment.

**Plaintiff Has Exhausted Her Administrative Remedies**

33.     On May 31, 2016 Plaintiff was wrongfully terminated from her position. The pretextual reason provided by Defendant was that Plaintiff had abandoned her position. Plaintiff was told by Defendant at the time of her termination that she was not eligible for rehire.

34.     On August 24, 2016, Plaintiff initiated the exhaustion of administrative remedies process with the Department of Fair Employment and Housing ("DFEH") and was referred to the Equal Employment Opportunity Commission ("EEOC"), where she also initiated the administrative remedies exhaustion process.

35.     On December 13, 2016, Plaintiff filed a Charge of Discrimination no. 555-2016-01212 (the "First Charge")[1] with the DFEH and EEOC.  Plaintiff was acting *in pro per* when she filed the charge. Plaintiff checked both the "retaliation" and "disability" boxes on the form and

---

[1] The First Charge is attached as **Exhibit A**

SECOND AMENDED COMPLAINT

described in the charge that she was, among other things, discriminated against for "engaging in protected activities."

36.     On December 19, 2016, the DFEH provided notice to Plaintiff that her First Charge was dual filed with the DFEH and the EEOC, and the EEOC would conduct the investigation.

37.     Thereafter, Plaintiff worked with an investigator of the EEOC. She provided a document to the EEOC that specifically informed of her status as a "transgender" female. She explained this document (which revealed her otherwise not apparent transgender status) had been provided to Defendant right before the wrongful termination course was set in action.[2] Accordingly, Plaintiff's transgender status was included in the investigation that immediately followed the First Charge.

38.     In or about the beginning of March of 2018, during the lengthy EEOC investigation that began with the First Charge, an EEOC investigator suggested to Plaintiff that she should reapply for her position with Defendant to see what its response would be to her application, given Defendant's stated reason for terminating Plaintiff was that Plaintiff had willfully abandoned her position.

39.     On March 27, 2018, Plaintiff reapplied for her position with first student and was wrongfully denied employment.

40.     At the suggestion of the EEOC investigator, Plaintiff incorporated the failure to rehire event into her larger claim that Defendant engaged in a discriminatory and retaliatory course of conduct that began when Plaintiff was working for Defendant, lead to her wrongful termination and grew to include the failure to reinstate her to her position.

41.     On August 27, 2018, Plaintiff incorporated the most recent discriminatory act— failure to reinstate—by filing Charge of Discrimination No. 555-2018-1767 (the "Second Charge")[3] with the DFEH and the EEOC. Plaintiff was acting *in pro per* when she filed the charge. The Second

---

[2] The document is attached as **Exhibit B**.

[3] The Second Charge is attached as **Exhibit C**.

SECOND AMENDED COMPLAINT

Charge incorporates the First Charge and references it by charge number. Plaintiff, *in pro per*, did not know the process for amending the First Charge. So, she filed a new one that expressly incorporated her pending charge to ensure the entire course of discriminatory and retaliatory conduct would come under the purview of the EEOC investigation.

42.     On September 17, 2018, the DFEH provided notice to Plaintiff that her Second Charge was also dual filed with the DFEH and the EEOC, and the EEOC would conduct the investigation.

43.     Defendant admitted to the EEOC in its response to Plaintiff's Second Charge that that "this [second] charge arises out of a previous charge and series of events between Complaint and Respondent."

44.     By January 30, 2019, five months had passed wherein both the Frist and the Second Charges were simultaneously investigated by the EEOC. On Janurary 30, 2018, Plaintiff received a Right-to-Sue Notice from the DFEH regarding only her First Charge. On information and belief, the Right-to-Sue Notice appears to have been autogenerated due to the amount of time that had passed since the First Charge was initiated.[4] The Second Charge, which incorporated the First Charge, remained open.

45.     By March 27, 2019, Plaintiff had retained counsel. On that date, she amended her Second Charge.[5]  On March 28, 2019 she requested and was issued a Right-to-Sue Notice on the Second Charge.[6]

46.     On April 25, 2019, Plaintiff filed suit and alleged facts regarding the entire discriminatory course of conduct, including the acts that occurred while she was employed, her wrongful termination, and the wrongful failure to reinstate her to her position. All amendments to

---

[4] The Right-to-Sue from the First Charge is attached as **Exhibit D**.

[5] The Amendment is attached as **Exhibit E**.

[6] The Right-to-Sue from the Second Charge is attached as **Exhibit F**.

SECOND AMENDED COMPLAINT

add additional claims that arise out of these same facts and sets of occurrences relate back to the date of this initial filing under Fed. R. Civ. P. 15(c).

47.     Plaintiff has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit.

## V.     CLAIMS FOR RELIEF

**FIRST CAUSE OF ACTION**
**Discrimination in Violation of Title VII**

48.     Plaintiff realleges and incorporates by reference each and every allegation contained above as fully set forth herein.

49.     Title VII of the Civil Rights Act of 1964, as amended, makes it unlawful for an employer "(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify his employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a).

50.     Defendant's conduct alleged herein was motivated by Plaintiff's gender status as a female. Defendant undertook this conduct with discriminatory intent. Plaintiff was treated differently and subjected to disparate treatment based on her sexuality and expression of gender.

51.     Plaintiffs' sex was the determining factor and/or a motivating factor in Defendants' actions.

52.     Plaintiff retained an attorney to prosecute her discrimination complaint against defendant, because of defendant's conduct alleged herein.

53.     As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial.

54.     As a result of Defendant's actions, Plaintiff has suffered emotional distress, resulting

in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

55.     Defendant's unlawful actions were intentional, willful, malicious, and/or done with reckless disregard to Plaintiffs' right to be free from discrimination based on sex.

56.     Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

**SECOND CAUSE OF ACTION**
**Retaliation in Violation of Title VII**

57.     Plaintiff realleges and incorporates by reference each and every allegation contained above as fully set forth herein.

58.     Plaintiff made informal and formal complaints to Defendant's agents and employees opposing Defendant's unlawful conduct alleged herein. As a result of Plaintiff's complaints, Defendant's agents and employees took materially adverse actions against Plaintiff, including, without limitation, refusing to assign Plaintiff to work shifts; refusing to accommodate Plaintiff's disabilities and health conditions; issuing disciplinary actions; and reprimanding Plaintiff.

59.     Defendant's adverse actions constituted retaliatory workplace harassment.

60.     Defendant's retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

61.     As a direct, legal and proximate result of Defendant's retaliation, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

62.     Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

**THIRD CAUSE OF ACTION**
**Violations of Title 1 of the American with Disabilities Act**

63.     Plaintiff realleges and incorporates by reference each and every allegation contained above as fully set forth herein.

64.     Plaintiff has a disability under the ADA in that her medical conditions has a physical

impairment that substantially limits one or more major life activities.

65.    Despite Plaintiff's request for a reasonable accommodation for her disability, Defendant failed to do. In particular, Defendant refused to place Plaintiff on a temporary modified work duty to accommodate new medications prescribed to treat her disability. Instead, Defendant refused to schedule Plaintiff on any work shift, barred her from continuing employment, and unlawfully terminated her employment. Defendant also refused to engage in any discussions with Plaintiff to identify an appropriate accommodation.

66.    Accommodating Plaintiff's requested accommodation would not have imposed any undue hardship on Defendant.

67.    As a direct, legal and proximate result of Defendant's actions, Plaintiff has sustained, and will continue to sustain, economic and emotional injuries, resulting in damages in an amount to be proven at trial.

68.    Plaintiff is entitled to her reasonable attorneys' fees and costs of suit.

**FOURTH CAUSE OF ACTION**
**Sex Discrimination**

69.    Plaintiff realleges and incorporates by reference each and every allegation contained above as fully set forth herein.

70.    Defendant's conduct alleged herein was motivated by Plaintiff's gender status as a female. Defendant undertook this conduct with discriminatory intent. Plaintiff was treated differently and subjected to disparate treatment based on her sexuality and expression of gender.

71.    Defendant, in doing the acts alleged herein, violated Cal. Gov't Code § 12940, *et seq.*; and Cal. Gov't Code § 12926(o);

72.    Plaintiff has retained an attorney to prosecute her discrimination complaint against Defendant, because of Defendant's conduct alleged herein.

73.    Defendant, in doing the acts alleged herein, acted with malice, oppression and reckless disregard to Plaintiff's legal rights and or sensibilities. The malicious conduct was carried out by managerial employees of Defendant.

- 11 -
SECOND AMENDED COMPLAINT

74.    Defendant's conduct is outrageous and despicable and entitles Plaintiff to award of punitive damages.

75.    Defendant's conduct caused Plaintiff to suffer emotional distress, humiliation, worry, and anxiety. Defendant's conduct has also caused Plaintiff to lose her job, money, and job opportunities.

76.    Defendant's conduct proximately caused plaintiff to suffer general and special damages, endure emotional distress, and incur court costs and attorneys' fees in an amount to be proven at trial.

**FIFTH CAUSE OF ACTION**
**Sexual Orientation Discrimination**

77.    Plaintiff realleges and incorporates by reference each and every allegation contained above as fully set forth herein.

78.    Defendant's conduct alleged herein was motivated by Plaintiff's transgender status and her actual and perceived sexual orientation. Defendant undertook this conduct with discriminatory intent. Plaintiff was treated differently and subjected to disparate treatment based on her sexuality and expression of gender.

79.    Defendant, in doing the acts alleged herein, violated Cal. Gov't Code § 12940, *et seq.*, including Cal. Gov't Code §§ 12940; 12926(m); 12926(q); and 12926(o).

80.    Plaintiff retained an attorney to prosecute her discrimination complaint against Defendant, because of Defendant's conduct alleged herein.

81.    Defendant, in doing the acts alleged herein, acted with malice, and/or oppression and or with reckless disregard to Plaintiff's legal rights and or sensibilities. The malicious conduct complained about was carried out by managerial employees of defendant.

82.    Defendant's conduct, alleged herein is outrageous and despicable and entitles Plaintiff to award of punitive damages.

83.    Defendant's conduct caused Plaintiff to suffer emotional distress, humiliation, worry, and anxiety. Defendant's conduct has also caused Plaintiff to lose her job, money, and job

opportunities.

84. Defendant's conduct proximately caused plaintiff to suffer general and special damages, endure emotional distress, and incur court costs and attorneys' fees in an amount to be proven at trial.

### SIXTH CAUSE OF ACTION
### Disability and Medical Condition Discrimination

85. Plaintiff realleges and incorporates by reference each and every allegation contained above as fully set forth herein.

86. Defendant's conduct alleged herein was motivated by Plaintiff's status as disabled person, and in response to her medical condition. Defendant undertook this conduct with discriminatory intent. Plaintiff was treated differently and subjected to disparate treatment based on her disabilities and genetic medical conditions.

87. Defendant, in doing the acts alleged herein, violated Cal. Gov't Code §§12940, *et seq.*, including Cal. Gov't Code §§ 12926(h) and 12940(k).

88. Plaintiff has retained an attorney to prosecute her discrimination complaint against Defendant, because of Defendant's conduct alleged herein.

89. Defendant, in doing the acts alleged herein, acted with malice, and/or oppression and or with reckless disregard to Plaintiff's legal rights and or sensibilities. The malicious conduct complained about was carried out by managerial employees of defendant.

90. Defendant's conduct, alleged herein is outrageous and despicable and entitles Plaintiff to award of punitive damages.

91. Defendant's conduct caused Plaintiff to suffer emotional distress, humiliation, worry, and anxiety. Defendant's conduct has also caused Plaintiff to lose her job, money, and job opportunities.

92. Defendant's conduct proximately caused plaintiff to suffer general and special damages, endure emotional distress, and incur court costs and attorneys' fees in an amount to be proven at trial.

1
2

## SEVENTH CAUSE OF ACTION
### Retaliation

3     93.     Plaintiff realleges and incorporates by reference each and every allegation contained
4   above as fully set forth herein.

5     94.     Plaintiff performed her job duties in an exemplary manner.

6     95.     In doing the acts complained about herein, Defendant intentionally retaliated against
7   Plaintiff. Defendant, in committing the acts alleged herein, violated Cal. Gov't Code §§12940, *et seq*.

8     96.     Plaintiff retained an attorney to prosecute her discrimination complaint against
9   defendant, because of defendant's conduct alleged herein.

10     97.     Defendant, in doing the acts alleged herein, acted with malice, and/or oppression and
11   or with reckless disregard to Plaintiff's legal rights and or sensibilities. The malicious conduct
12   complained about was carried out by managerial employees of defendant.

13     98.     Defendant's conduct alleged herein is outrageous and despicable and entitles Plaintiff
14   to award of punitive damages.

15     99.     Defendant's conduct caused Plaintiff to suffer emotional distress, humiliation, worry,
16   and anxiety. Defendant's conduct has also caused Plaintiff to lose her job, money, and job
17   opportunities.

18     100.     Defendant's conduct proximately caused plaintiff to suffer general and special
19   damages, endure emotional distress, and incur court costs and attorneys' fees in an amount to be
20   proven at trial.

21
## EIGHTH CAUSE OF ACTION
### Violation of Whistleblower protection
22

23     101.     Plaintiff realleges and incorporates by reference each and every allegation contained
24   above as fully set forth herein.

25     102.     Plaintiff performed her job duties in an exemplary manner. In committingh the acts
26   complained about herein, Defendant intentionally retaliated against Plaintiff by terminating her
27   employment because of her complaints about being required to drive a malfunctioning bus and the

28

threat that doing so posed to student safety and Plaintiff's specialty driver's license status. Defendant, in doing the acts alleged herein, violated Labor Code §§ 1102.5 and 6310.

103.    Plaintiff retained an attorney to prosecute her complaint against defendant, because of defendant's conduct alleged herein.

104.    Defendant, in doing the acts alleged herein, acted with malice, and/or oppression and or with reckless disregard to Plaintiff's legal rights and or sensibilities. The malicious conduct complained about was carried out by managerial employees of defendant.

105.    Defendant's conduct alleged herein is outrageous and despicable and entitles Plaintiff to award of punitive damages.

106.    Defendant's conduct caused Plaintiff to suffer emotional distress, humiliation, worry, and anxiety. Defendant's conduct has also caused Plaintiff to lose her job, money, and job opportunities.

107.    Defendant's conduct proximately caused plaintiff to suffer general and special damages, endure emotional distress, and incur court costs and attorneys' fees in an amount to be proven at trial.

### NINTH CAUSE OF ACTION
### Wrongful Termination in Violation of Public Policy

108.    Plaintiff realleges and incorporates by reference each and every allegation contained above as fully set forth herein.

109.    Defendant's conduct constitutes wrongful termination of Plaintiff in violation of public policy embodied in the FEHA; the Constitution of the State of California, Article I, Section 8; and the California Labor Code. It also violated public policy establishing safety standards to protect minors traveling on school busses.

110.    Plaintiff retained an attorney to prosecute her complaint against defendant, because of defendant's conduct alleged herein.

111.    Defendant, in doing the acts alleged herein, acted with malice, and/or oppression and or with reckless disregard to Plaintiff's legal rights and or sensibilities. The malicious conduct

complained about was carried out by managerial employees of defendant.

112.   Defendant's conduct alleged herein is outrageous and despicable and entitles Plaintiff to award of punitive damages.

113.   Defendant's conduct caused Plaintiff to suffer emotional distress, humiliation, worry, and anxiety. Defendant's conduct has also caused Plaintiff to lose her job, money, and job opportunities.

114.   Defendant's conduct proximately caused plaintiff to suffer general and special damages, endure emotional distress, and incur court costs and attorneys' fees in an amount to be proven at trial.

**TENTH CAUSE OF ACTION**
**Breach of Implied Covenant of Good Faith and Fair Dealing**

115.   Plaintiff realleges and incorporates by reference each and every allegation contained above as fully set forth herein.

116.   The contract between Plaintiff and Defendant relating to Plaintiff's employment incorporated an implied covenant of good faith and fair dealing.

117.   Defendant breached the covenant of good faith and fair dealing by committing the acts alleged herein.

118.   As a direct, proximate and foreseeable result of defendant's breach of the covenant of good faith and fair dealing, Plaintiff suffered emotional distress, lost her job, and lost income, past and future.

**WHEREFORE, Plaintiff prays for judgment against Defendant as follows:**

1.      General damages, emotional distress, according to proof;

2.      Compensatory damages;

3.      Contract damages;

4.      Economic damages according to proof;

5.      Loss of income according to proof;

6.      For punitive damages according to proof;

7.      For reasonable attorney fees;

8.      For statutory penalties;

9.      For statutory treble damages;

10.     For pre-judgment interest;

11.     For post-judgment interest;

12.     For costs of suit herein incurred; and

13.     For such other and further relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Relator hereby demands a trial by jury.


Date: March 20, 2020                    **HERRERA PURDY LLP**

By: _____

Laura E. Seidl

Laura E. Seidl (State Bar No. 269891)
Nicomedes Sy Herrera (State Bar No. 275332)
1300 Clay Street, Suite 600
Oakland, California 94612
Telephone: (510) 422-4700
Facsimile:  (855) 969-2050
Email:  LSeidl@HerreraPurdy.com
         NHerrera@HerreraPurdy.com

*Attorneys for Plaintiff Janay Emmons*

- 17 -

SECOND AMENDED COMPLAINT

# Exhibit A

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | **555-2016-01212** |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| State or local Agency, if any | |

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| **Ms. Janay M. Emmons** | **(925) 435-2347** | **04/01/1979** |

| Street Address | City, State and ZIP Code |
|---|---|
| **3838 Clayton Road, Unit 803, Concord, CA 94521** | |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| **FIRST STUDENT, INC.** | **500 or More** | **(513) 241-2200** |

| Street Address | City, State and ZIP Code |
|---|---|
| **2368 Bates Ave, Concord, CA 94520** | |

DISCRIMINATION BASED ON (Check appropriate box(es).)

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest                    Latest
**05-20-2016**

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I was hired by Respondent in or about January 2016. My most recent position was Bus Driver. My most recent supervisor was Mr. Henry Cooper (Location Manager). On or about 1 March 2016, Respondent scheduled me to conduct a fit for duty evaluation, per the California Department of Transportation; at such moment in time, Respondent became aware of my disability. On or about 2 March 2016, my doctor took me off from my duties as a bus driver, and my doctor suggested that I be placed on light duty work, while I adjusted to the new medication. However, on or about 6 March 2016, Mr. Cooper stated that Respondent was unable to provide me with modified work duties. On or about 6 March 2016, my doctor excused me from work starting 1 April 2016 until 13 June 2016, because I was prescribed a different medication. On or about 22 May 2016, I received a letter from Mr. Cooper stating that if I did not communicate by 20 May 2016, that I shall be discharged for job abandonment. Needless to say, that as soon as I received the letter (on or about 22 May 2016), I telephoned Mr. Cooper; but he did not return my telephone calls; as a consequence, I went to speak with him in-person, however, he stated that I had already been discharged on 20 May 2016. Further, Mr. Cooper stated that I was not even eligible for reapplying with Respondent.

I believe I was discriminated against in violation of the Americans with Disabilities Act of 1990, as amended. I further believe that I was retaliated against for engaging in a protected activity.

| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – When necessary for State and Local Agency Requirements |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| *12-13-2016*   *[signature]*<br>Date      Charging Party Signature | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year) |

RECEIVED
EEOC - SFDO
INTAKE

# Exhibit B

# NORMAN B. LIVERMORE III, M.D., F.A.C.S., Q.M.E.

SPINAL DISORDERS
JOINT REPLACEMENT
SPORTS MEDICINE
PEDIATRIC ORTHOPAEDICS
QUALIFIED MEDICAL EXAMINER

120 LA CASA VIA, SUITE 206
WALNUT CREEK, CA 94598-3007
(925) 933-4443
FAX (925) 939-6995

June 11, 2015

RE:   **JANAY EMMONS**

To Whom It May Concern:

The following is a letter of explanation regarding Ms. Janay Emmons' musculoskeletal diagnosis and clinical status.

Ms. Emmons is a now 36-year-old transgender female whom I have known as a patient for over two decades.  She has been followed for a diagnosis of spastic diplegia.

Currently, she remains affected by the subcategory of cerebral palsy called spastic diplegia.  This is a <u>static</u> neuromuscular disease caused by a birth injury or in utero stress, which has left Ms. Emmons with poor coordination, spasms, and contractures about both lower extremities.  She has no problems whatsoever with her spine, torso, or upper extremities.  She has no dislocation of any joints, although she does have a poor range of motion of her hips, knees, and ankles bilaterally.  Her condition is stable, not worsening in any way.  She is able to be fully functional, despite an awkward, crouching, scissor gait, and can be fully functional when sitting using her torso and upper extremities.  She can also use her feet to drive vehicles, including busses and trucks.  She has no sensory loss in her arms or legs, and has no cerebral deficits, neither mental development nor mental acuity.

Please contact me if you have questions regarding Ms. Emmons' neuromuscular diagnosis or prognosis

Sincerely,

Norman B. Livermore, III, M.D., F.A.C.S.

NBL:clr

cc:   Ms. Janay Emmons
      3838 Clayton Road, #803
      Concord, CA  94521

# Exhibit C

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | 555-2018-01767 |

California Department Of Fair Employment & Housing _____ and EEOC

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone | Year of Birth |
|---|---|---|
| Miss Janay M Emmons | (925) 435-2347 | |

Street Address                               City, State and ZIP Code

3838 Clayton Road, Apt.803,  CONCORD, CA 94521

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| FIRST STUDENT INC | 15 - 100 | |

Street Address                               City, State and ZIP Code

2068 Bates Ave,  Concord,  CA 94520

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| | | |

Street Address                               City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

| | | DATE(S) DISCRIMINATION TOOK PLACE |
|---|---|---|
| | | Earliest          Latest |

☐ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest **03-28-2018**          Latest **03-28-2018**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

On or about August 24, 2016, I filed EEOC Charge No. 555-2016-01212 against Respondent. On or about March 23, 2018, I walked into Respondent's Concord location and asked for an application. I was informed that I would need to apply online. However, I am aware that Respondent still provides paper applications. On or about March 27, 2018, I applied online for the position of School Bus Driver. On or about March 28, 2018, I was informed my application was not selected.

Respondent did not provide a reason for not selecting my application or interviewing me. However, I believe that I was not hired because of my participation in protected activities.

I believe I have been subject to retaliation for my participation in protected activities, in violation of the Americans with Disabilities Act of 1990, as amended.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.<br>SIGNATURE OF COMPLAINANT |
| **Digitally signed by Janay Emmons on 08-27-2018 02:21 PM EDT** | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |

# Exhibit D

EEOC Form 161-B (11/16)

## U.S. Equal Employment Opportunity Commission

## Notice of Right to Sue *(Issued on Request)*

| | |
|---|---|
| To:  **Janay M. Emmons**<br>**3838 Clayton Road, Unit 803**<br>**Concord, CA 94521** | From:  **San Francisco District Office**<br>**450 Golden Gate Avenue**<br>**5 West, P.O. Box 36025**<br>**San Francisco, CA 94102** |

☐    *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **555-2016-01212** | **Genji Nakano,**<br>**Investigator** | **(415) 522-3333** |

*(See also the additional information enclosed with this form.)*

#### Notice to the Person Aggrieved:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge.  It has been issued at your request.  Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court <u>WITHIN 90 DAYS</u> of your receipt of this notice**; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

☒    More than 180 days have passed since the filing of this charge.

☐    Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will
be able to complete its administrative processing within 180 days from the filing of this charge.

☒    The EEOC is terminating its processing of this charge.

☐    The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge.  In this regard, **the paragraph marked below applies to your case:**

☐    The EEOC is closing your case.  Therefore, your lawsuit under the ADEA **must be filed in federal or state court <u>WITHIN</u>
<u>90 DAYS</u> of your receipt of this Notice.**  Otherwise, your right to sue based on the above-numbered charge will be lost.

☐    The EEOC is continuing its handling of your ADEA case.  However, if 60 days have passed since the filing of the charge,
you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):**  You already have the right to sue under the EPA (filing an EEOC charge is not required.)  EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

**William R. Tamayo,**
**District Director**

(Date Mailed)

cc:    **First Group America**

**C/O Matthew Dunning. EEO Manager**
**600 Vine Street, Suite 1400**
**Cincinnati, OH 45202**

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:**  Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1.    **FORM NUMBER/TITLE/DATE.**  EEOC Form 5, Charge of Discrimination (11/09).

2.    **AUTHORITY.**  42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3.    **PRINCIPAL PURPOSES.**  The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4.    **ROUTINE USES.**  This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws).  Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination.  This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions.  A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5.    **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.**  Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of.  Without a written charge, EEOC will ordinarily not act on the complaint.  Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed.  Charges may be clarified or amplified later by amendment.  It is not mandatory that this form be used to make a charge.

### NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so within 15 days of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

# Exhibit E

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA<br>☒ EEOC | Amended<br>**555-2018-01767** |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|

*State or local Agency, if any*

| Name *(indicate Mr., Ms., Mrs.)* | Home Phone *(Incl. Area Code)* | Date of Birth |
|---|---|---|
| **Miss Janay M. Emmons** | **(925) 435-2347** | |

Street Address                    City, State and ZIP Code

**3838 Clayton Road, Apt.803, Concord, CA 94521**

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. *(If more than two, list under PARTICULARS below.)*

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| **FIRST STUDENT INC** | **15 - 100** | |

Street Address                    City, State and ZIP Code

**2068 Bates Ave, Concord, CA 94520**

| Name | No. Employees, Members | Phone No. *(Include Area Code)* |
|---|---|---|
| | | |

Street Address                    City, State and ZIP Code

DISCRIMINATION BASED ON *(Check appropriate box(es).)*

☐ RACE  ☐ COLOR  ☒ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☒ DISABILITY  ☐ GENETIC INFORMATION
☒ OTHER *(Specify)*

DATE(S) DISCRIMINATION TOOK PLACE
Earliest          Latest
**03-28-2018**

☐ CONTINUING ACTION

THE PARTICULARS ARE *(If additional paper is needed, attach extra sheet(s)):*

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

NOTARY – *When necessary for State and Local Agency Requirements*

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)*

3/27/2019      *Janay Emmons*

Date         Charging Party Signature

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | Amended |
| | ☒ EEOC | 555-2018-01767 |

| California Department Of Fair Employment & Housing | and EEOC |
|---|---|
| *State or local Agency, if any* | |

On or about August 24, 2016, I filed EEOC Charge No. 555-2016-01212 against Respondent. I had worked for Respondent in 2016 as a school bus driver, and during the course my previous employment, it was discovered by Respondent that I am a transsexual and suffer from a heart condition and leg deformities that constitute disabilities.

On or about March 23, 2018, I went to Respondent's Concord location and asked for an application. Despite the fact Respondent still provides onsite applications to non-disabled non-transgendered males, I was informed that I would need to apply online. On or about March 27, 2018, I applied online for the position of School Bus Driver. On or about March 28, 2018, I was informed my application was not selected.

I was not given an opportunity to be hired again because of my sex (female/gender identity/transsexual) and because I am physically disabled. Respondent gave no explanation for why I wasn't selected.  I was not given a chance for employment, even though I am cleared by my medical doctor to drive a bus and Respondent knows this, because Respondent was discriminating against me and retaliating against me.

During my 2016 employment, I complained that I did not want to drive a bus with a door broken such that a student might fall out of it. Because of my insisting on student safety, and not just driving a defective school bus without complaint, I was not given a chance to be hired by Respondent in retaliation.

I have been discriminated against because of sex (female/gender identity/transgender) and disability, and in retaliation for my participation in protected activities, in violation of the Americans with Disabilities Act of 1990, as amended and in violation of Title VII of the Civil Rights Act of 1964, as amended, among other statutes and laws.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| | |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| 3/27/2019                 *Janay Emmons* | |
| *Date*          *Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA <br> ☒ EEOC | **Amended** <br> **555-2018-01767** |

| **California Department Of Fair Employment & Housing** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT <br><br> SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> *(month, day, year)* |
| 3/27/2019                *Janay Emmons* | |
| Date            Charging Party Signature | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | Amended |
| | ☒ EEOC | 555-2018-01767 |

**California Department Of Fair Employment & Housing**                    and EEOC

*State or local Agency, if any*

CP Enclosure with EEOC Form 5 (11/09)

**PRIVACY ACT STATEMENT:** Under the Privacy Act of 1974, Pub. Law 93-579, authority to request personal data and its uses are:

1. **FORM NUMBER/TITLE/DATE.** EEOC Form 5, Charge of Discrimination (11/09).

2. **AUTHORITY.** 42 U.S.C. 2000e-5(b), 29 U.S.C. 211, 29 U.S.C. 626, 42 U.S.C. 12117, 42 U.S.C. 2000ff-6.

3. **PRINCIPAL PURPOSES.** The purposes of a charge, taken on this form or otherwise reduced to writing (whether later recorded on this form or not) are, as applicable under the EEOC anti-discrimination statutes (EEOC statutes), to preserve private suit rights under the EEOC statutes, to invoke the EEOC's jurisdiction and, where dual-filing or referral arrangements exist, to begin state or local proceedings.

4. **ROUTINE USES.** This form is used to provide facts that may establish the existence of matters covered by the EEOC statutes (and as applicable, other federal, state or local laws). Information given will be used by staff to guide its mediation and investigation efforts and, as applicable, to determine, conciliate and litigate claims of unlawful discrimination. This form may be presented to or disclosed to other federal, state or local agencies as appropriate or necessary in carrying out EEOC's functions. A copy of this charge will ordinarily be sent to the respondent organization against which the charge is made.

5. **WHETHER DISCLOSURE IS MANDATORY; EFFECT OF NOT GIVING INFORMATION.** Charges must be reduced to writing and should identify the charging and responding parties and the actions or policies complained of. Without a written charge, EEOC will ordinarily not act on the complaint. Charges under Title VII, the ADA or GINA must be sworn to or affirmed (either by using this form or by presenting a notarized statement or unsworn declaration under penalty of perjury); charges under the ADEA should ordinarily be signed. Charges may be clarified or amplified later by amendment. It is not mandatory that this form be used to make a charge.

**NOTICE OF RIGHT TO REQUEST SUBSTANTIAL WEIGHT REVIEW**

| | |
|---|---|
| I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. SIGNATURE OF COMPLAINANT |
| 3/27/2019          *Janay Emmons* | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE *(month, day, year)* |
| *Date*          *Charging Party Signature* | |

EEOC Form 5 (11/09)

| CHARGE OF DISCRIMINATION | Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|---|
| This form is affected by the Privacy Act of 1974.  See enclosed Privacy Act Statement and other information before completing this form. | ☐ FEPA | **Amended** |
| | ☒ EEOC | **555-2018-01767** |

| **California Department Of Fair Employment & Housing** | and EEOC |
|---|---|
| *State or local Agency, if any* | |

Charges filed at a state or local Fair Employment Practices Agency (FEPA) that dual-files charges with EEOC will ordinarily be handled first by the FEPA.  Some charges filed at EEOC may also be first handled by a FEPA under worksharing agreements.  You will be told which agency will handle your charge.  When the FEPA is the first to handle the charge, it will notify you of its final resolution of the matter.  Then, if you wish EEOC to give Substantial Weight Review to the FEPA's final findings, you must ask us in writing to do so <u>within 15 days</u> of your receipt of its findings.  Otherwise, we will ordinarily adopt the FEPA's finding and close our file on the charge.

### NOTICE OF NON-RETALIATION REQUIREMENTS

Please **notify** EEOC or the state or local agency where you filed your charge **if retaliation is taken against you or others** who oppose discrimination or cooperate in any investigation or lawsuit concerning this charge.  Under Section 704(a) of Title VII, Section 4(d) of the ADEA, Section 503(a) of the ADA and Section 207(f) of GINA, it is unlawful for an *employer* to discriminate against present or former employees or job applicants, for an *employment agency* to discriminate against anyone, or for a *union* to discriminate against its members or membership applicants, because they have opposed any practice made unlawful by the statutes, or because they have made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under the laws. The Equal Pay Act has similar provisions and Section 503(b) of the ADA prohibits coercion, intimidation, threats or interference with anyone for exercising or enjoying, or aiding or encouraging others in their exercise or enjoyment of, rights under the Act.

| I want this charge filed with both the EEOC and the State or local Agency, if any.  I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures. | NOTARY – *When necessary for State and Local Agency Requirements* |
|---|---|
| I declare under penalty of perjury that the above is true and correct. | I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief. <br> SIGNATURE OF COMPLAINANT |
| | SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE <br> *(month, day, year)* |
| 3/27/2019                    *Janay Emmons* | |
| Date                    *Charging Party Signature* | |

# Exhibit F

EEOC Form 161-B (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Janay M. Emmons<br>3838 Clayton Road<br>Apt.803<br>Concord, CA 94521 | From: | Oakland Local Office<br>1301 Clay Street<br>Suite 1170 N<br>Oakland, CA 94612 |
|---|---|---|---|

[ ]  *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 555-2018-01767 | Ahlam Abdellatif,<br>Investigator | (510) 637-3238 |

*(See also the additional information enclosed with this form.)*

#### NOTICE TO THE PERSON AGGRIEVED:

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[X]  More than 180 days have passed since the filing of this charge.

[ ]  Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X]  The EEOC is terminating its processing of this charge.

[ ]  The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ]  The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS** of your receipt of this Notice. Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ]  The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

Enclosures(s)

For/ **Dana C. Johnson,**<br>**Acting Director**

3/28/19 *(Date Mailed)*

cc:  | Matthew Dunning<br>EEO Manager<br>FIRST GROUP AMERICA<br>600 Vine Street, Suite 1400<br>Cincinnati, OH 45202 | Michael Cohen, Esq.<br>Law Offices of Michael Cohen<br>2201 Broadway St., Ste. 823<br>Oakland, CA 94612 |

Enclosure with EEOC
Form 161-B (11/16)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

PRIVATE SUIT RIGHTS   --   **Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA),
the Genetic Information Nondiscrimination Act (GINA), or the Age
Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within
90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-
day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to
consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell
him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely
manner, it is prudent that your suit be filed **within 90 days of the date this Notice was** *mailed* **to you** (as
indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate
State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide
after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short
statement of the facts of your case which shows that you are entitled to relief. Courts often require that a copy of
your charge must be attached to the complaint you file in court. If so, you should remove your birth date from the
charge. Some courts will not accept your complaint where the charge includes a date of birth. Your suit may include
any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters
alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in
some cases can be brought where relevant employment records are kept, where the employment would have
been, or where the respondent has its main office. If you have simple questions, you usually can get answers from
the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint
or make legal strategy decisions for you.

PRIVATE SUIT RIGHTS   --   **Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back
pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For
example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit
before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008. This time limit for filing an EPA
suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.
Therefore, if you also plan to sue under Title VII, the ADA, GINA or the ADEA, in addition to suing on the EPA
claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

ATTORNEY REPRESENTATION   --   **Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction
in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be
made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your
efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above,
because such requests do not relieve you of the requirement to bring suit within 90 days.

ATTORNEY REFERRAL AND EEOC ASSISTANCE   --   **All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any
questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to
inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide
your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files
are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge
file, **please make your review request within 6 months** of this Notice. (Before filing suit, any request should be
made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

**NOTICE OF RIGHTS UNDER THE ADA AMENDMENTS ACT OF 2008 (ADAAA):**   The ADA was amended, effective January 1, 2009, to broaden the definitions of disability to make it easier for individuals to be covered under the ADA/ADAAA. A disability is still defined as (1) a physical or mental impairment that substantially limits one or more major life activities (actual disability); (2) a record of a substantially limiting impairment; or (3) being regarded as having a disability.  *However, these terms are redefined, and it is easier to be covered under the new law.*

**If you plan to retain an attorney to assist you with your ADA claim, we recommend that you share this information with your attorney and suggest that he or she consult the amended regulations and appendix, and other ADA related publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.**

**"Actual" disability or a "record of" a disability (note: if you are pursuing a failure to accommodate claim you must meet the standards for either "actual" or "record of" a disability):**

> **The limitations from the impairment no longer have to be severe or significant** for the impairment to be considered substantially limiting.
> In addition to activities such as performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, thinking, concentrating, reading, bending, and communicating (more examples at 29 C.F.R. § 1630.2(i)),  **"major life activities" now include the operation of major bodily functions,** such as: functions of the immune system, special sense organs and skin; normal cell growth; and digestive, genitourinary, bowel, bladder, neurological, brain, respiratory, circulatory, cardiovascular, endocrine, hemic, lymphatic, musculoskeletal, and reproductive functions; or the operation of an individual organ within a body system.
> **Only one** major life activity need be substantially limited.
> With the exception of ordinary eyeglasses or contact lenses, **the beneficial effects of "mitigating measures"** (e.g., hearing aid, prosthesis, medication, therapy, behavioral modifications) **are not considered** in determining if the impairment substantially limits a major life activity.
> An impairment that is **"episodic"** (e.g., epilepsy, depression, multiple sclerosis) or **"in remission"** (e.g., cancer) is a disability if it **would be substantially limiting when active.**
> An impairment **may be substantially limiting even though** it lasts or is expected to last **fewer than six months.**

**"Regarded as" coverage:**
> An individual can meet the definition of disability if an **employment action was taken because of an actual or perceived impairment** (e.g., refusal to hire, demotion, placement on involuntary leave, termination, exclusion for failure to meet a qualification standard, harassment, or denial of any other term, condition, or privilege of employment).
> "Regarded as" coverage under the ADAAA no longer requires that an impairment be substantially limiting, or that the employer perceives the impairment to be substantially limiting.
> The employer has a defense against a "regarded as" claim only when the impairment at issue is objectively *BOTH* transitory (lasting or expected to last six months or less) *AND* minor.
> A person is not able to bring a failure to accommodate claim *if* the individual is covered only under the "regarded as" definition of "disability."

*Note:  Although the amended ADA states that the definition of disability "shall be construed broadly" and "should not demand extensive analysis," some courts require specificity in the complaint explaining how an impairment substantially limits a major life activity or what facts indicate the challenged employment action was because of the impairment.  Beyond the initial pleading stage, some courts will require specific evidence to establish disability.*  For more information, consult the amended regulations and appendix, as well as explanatory publications, available at http://www.eeoc.gov/laws/types/disability_regulations.cfm.