UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JANAY EMMONS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FIRST STUDENT, INC.,<br><br>　　　　　Defendant. | Case No. 19-cv-02964-SI<br><br>**ORDER DENYING MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 47 |

　　　　On September 11, 2019, the Court held a hearing on defendant's motion for summary judgment. After consideration of the parties' briefing and arguments, the Court DENIES the motion.

　　　　There are numerous genuine issues of material fact that amount to more than mere metaphysical doubts. For example, plaintiff offers evidence of pretext with respect defendant's alleged legitimate nondiscriminatory/nonretaliatory reasons for terminating plaintiff. For each cause of action, defendant argues it had three legitimate reasons for terminating plaintiff: (1) misrepresentations plaintiff allegedly made when she applied for the job regarding her health; (2) that plaintiff could not safely perform her essential job duties due to her health conditions and (3) that plaintiff abandoned her job and refused to engage in the interactive process. Dkt. No. 47-1 at 24 (Motion for Summary Judgment). The May 11, 2016 letter sent to plaintiff, giving her a deadline of May 21, 2016 to respond or lose her job, failed to include her apartment number, even though, allegedly, defendant had previously sent plaintiff correctly addressed correspondence. Dkt. No. 50-2 ¶ 8 (Janay Emmons Declaration In Support of Opposition).

　　　　Further, defendant argues Ms. Emmons was terminated on May 31, 2016, after a "lengthy interactive process in which Defendant engaged with Plaintiff [starting on] March 16, 2016," but plaintiff ultimately refused to engage with defendant in the interactive process. Dkt. No. 51 at 12

(Reply) (emphasis original). But plaintiff testified she repeatedly tried to reach her manager, Mr. Cooper, prior to May 31, 2016 to no avail. Dkt. No. 50-2 ¶ 8 (Janay Emmons Decl. In Support of Opposition). Further, testimony from Ms. Dagny — plaintiff's former co-worker who was employed as a receptionist -- testified Mr. Cooper was "very aware" of Ms. Emmons' calls and that he would "always have an excuse not to speak to [Ms. Emmons] even though he was the one requesting the call from her." Dkt. No 50-1 at 20 at 20 (Ex. A to Seidl Declaration – Excerpts from Anya Dagny Deposition). The Court understands that Ms. Dagny was not at work from mid-April 2016 onwards. Dkt. No. 51 at 11 (Reply). However, her testimony supports plaintiff's argument that defendant's proffered legitimate reasons for termination are pretextual due to the way in which plaintiff's supervisor allegedly treated her.

Because of this and other substantially disputed facts, the motion is DENIED.

**IT IS SO ORDERED**.

Dated: September 12, 2020

_____
SUSAN ILLSTON
United States District Judge